IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-HC-2253-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JON KARL THOMPSON, | ) | |
| | ) | |
| Respondent. | ) | |

This case, brought under 18 U.S.C. § 4248 ("§ 4248"), came before the court on 24 February 2016 for a hearing (*see* D.E. 34) on respondent's pro se motion (D.E. 26) to proceed without representation. He is currently represented by Joseph H. Craven of the Federal Public Defender's Office.

**BACKGROUND**

The government commenced this proceeding on 28 October 2015. (*See* D.E. 1). Discovery has been completed, and the commitment hearing is set for 18 July 2016 (D.E. 25). Respondent filed the instant motion on 25 January 2016. In it, he states that Mr. Craven is not pursuing certain defenses respondent wants to raise and that Mr. Craven is not seeking respondent's approval regarding the content of filings made in the case. (Mot. 1). He further explained at the hearing that he wants to pursue issues that Mr. Craven is unwilling to pursue. Mr. Craven confirmed that he and respondent, despite considerable efforts, are unable to reach agreement on legal issues and case strategy.

Respondent further requests the appointment of standby counsel. At the hearing, respondent agreed that Mr. Craven should be appointed as standby counsel, and Mr. Craven represented that he was amenable to such appointment. Respondent also affirmatively

represented that he had no interest in appointment of substitute counsel in lieu of proceeding pro se.

While in its response (D.E. 33) the government represented that it took no position on the motion (Resp. 1), at the hearing, counsel for the government stated that it now opposed the motion on the basis of respondent's statements to the court, which it contended demonstrated that respondent's waiver of his right to counsel was not unequivocal.

## DISCUSSION

On a motion to proceed pro se in a criminal case, the court must determine, in addition to whether the defendant is competent to waive his right to counsel, whether the waiver is clear and unequivocal, and not simply a manipulative procedural ploy; is knowing, intelligent, and voluntary; and is timely. *See United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005); *see also United States v. Frazier-El*, 204 F.3d 553, 560 (4th Cir. 2000) ("A trial court must be permitted to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel."). It is appropriate to apply this standard in the instant § 4248 case notwithstanding its civil nature because of, among other considerations, the liberty interest at stake for respondent. *See Addington v. Texas*, 441 U.S. 418, 425 (1979) ("[The Supreme] Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.").

"The Sixth Amendment does not require a court to grant advisory counsel to a criminal defendant who chooses to exercise his right to self-representation by proceeding *pro se*." *United States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998) (citing *United States v. Singleton,* 107 F.3d 1091, 1100 (4th Cir. 1997)). Additionally, the district court has "broad discretion to guide what,

if any, assistance standby, or advisory, counsel may provide to a defendant conducting his own defense." *Id*. (citing *Singleton,* 107 F.3d at 1103).

Here, to enable the court to make the appropriate determinations, it questioned respondent under oath at length at the hearing. The court also warned respondent of the dangers of self-representation, including those particular to § 4248 cases. *See United States v. Parker*, No. 12-4886, 2014 WL 2699735, at * 5 (4th Cir. 16 June 2014) ("[W]hile a trial court must determine if a waiver of counsel is knowing and intelligent, no particular interrogation of the defendant is required, so long as the court warns the defendant of the dangers of self-representation."). In addition, the court questioned Mr. Craven and heard comments from counsel for the government.

The court concludes that respondent's motion to proceed pro se is timely in that it was filed less than three months after commencement of this action and approximately seven months before the commitment hearing. *See Bush*, 404 F.3d at 271. Further, based on its extensive questioning of respondent and Mr. Craven at the hearing and its consideration of other relevant portions of the record, the court concludes that respondent is competent to waive his right to counsel and that his waiver is clear and unequivocal, and knowing, intelligent, and voluntary. *See id*. Respondent's overriding objective in seeking pro se status is to obtain the greater degree of control over his defense that it would afford him. He stated emphatically that he wants such control because it is his personal liberty that is at stake. As part of such control, he does seek to present arguments that have not heretofore been presented on his behalf. As far as the court is able to determine, respondent's determination to present such contentions is based on his sincere belief in their merit and is not a manipulative procedural ploy.

The court further concludes that it is appropriate in this case, especially in light of the complexity of § 4248 cases, to appoint Mr. Craven as standby counsel. Respondent and Mr.

3

Craven indicated that their differences were grounded in issues of strategy and procedure, not personal animosity. Mr. Craven shall prepare sufficiently to be able to take on the role of counsel for respondent, including but not limited to representing respondent at the commitment hearing on respondent's behalf without delay should the need arise. Otherwise, Mr. Craven is to provide assistance to respondent, to the extent ethically permissible, only when requested by him. Notwithstanding the foregoing, the presiding district judge shall determine the nature, manner, and extent of any assistance that Mr. Craven is permitted to provide respondent at the commitment hearing and any other hearings before her.

Further, to help respondent ensure that he does not file frivolous motions or other frivolous papers and suffer the consequences of doing so, the court strongly encourages him to confer with his standby counsel regarding any and all filings before making them. Such conferral should include specifically whether the filing conforms to the requirements of Federal Rule of Civil Procedure 11(b), which are set out in the footnote below.[1] Rule 11 expressly authorizes the imposition of sanctions for violation of these requirements, which are in addition to other sources

---

[1] Rule 11(b) provides, in its entirety, as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

authorizing the court to impose sanctions on a party for filing frivolous motions and other papers. As explained to respondent at the hearing, potential sanctions against him for making frivolous filings would include revocation of his pro se status.

Finally, the court turns to the government's request that it be relieved of its purported obligation[2] to respond to motions filed by respondent that it deems frivolous unless ordered to do so by the court. (Resp. 22-23). As clarified at the hearing, the government proposes that if it deems a motion by respondent to be frivolous, it be permitted to file a notice to that effect in lieu of a response memorandum in the form prescribed by Local Civil Rule 7.2(a), E.D.N.C.,[3] subject to the court's ordering a response memorandum after its review of the motion.

While the court is sympathetic to the burdens that frivolous filings by a party can impose on opposing parties as well as the court, the court declines to adopt the government's proposal. Among other reasons, the government has not convincingly shown a current need for the protection the government seeks. The court explained at length at the hearing on respondent's motion to proceed pro se that his pro se status does not entitle him to make frivolous filings and that doing so could result in revocation of his pro se status, among other consequences. The court has further admonished respondent herein that his filings must comply with the requirements of

---

[2] The Local Civil Rules do not, in fact, obligate a party to respond to a motion, but instead provide it the option to file a response or not. *See* Local Civ. R. 7.1(e), E.D.N.C. ("Any party *may* file a written response to any motion." (emphasis added)).

[3] Local Civil Rule 7.2(a) provides:

> A memorandum in support of or in opposition to a motion shall comply with Local Civil Rule 10.1 and shall contain:
> (1) a concise summary of the nature of the case;
> (2) a concise statement of the facts that pertain to the matter before the court for ruling;
> (3) the argument (brevity is expected) relating to the matter before the court for ruling with appropriate citations in accordance with Local Civil Rules 7.2(b), (c) and (d); and
> (4) copies of any decisions in cases cited as required by Local Civil Rules 7.2(c) and (d).

Local Civ. R. 7.2(a), E.D.N.C.; *see also* Local Civ. R. 7.1(e), E.D.N.C. ("A response [to a motion] shall be in the form of a memorandum in the manner prescribed by Local Civil Rule 7.2(a), and may be accompanied by, without limitation, affidavits and other supporting documents.").

Rule 11 and has strongly encouraged him to consult with standby counsel to help ensure compliance. The court expects respondent to take these admonitions to heart. While respondent has previously made pro se filings that the government deems frivolous, they predate court approval of his pro se status and the admonitions from the court regarding frivolous filings.

Moreover, if respondent's motions are as frivolous as the government anticipates, only brief response memoranda should be needed to refute them. To the extent that the analysis of purportedly frivolous motions does entail a meaningful burden, it is difficult to see why that burden should fall in the initial instance on the court, as the government proposes. Such burden shifting would represent a deviation from the adversary process. It would be particularly inappropriate here because it is the government that brought this litigation. The government cannot reasonably be expected to be shielded from having to respond fully to motions by a party it has sued and is attempting to have civilly committed for a potentially indefinite period.

Lastly, the court has available to it means other than the government's proposed procedure to address frivolous filings by respondent or any party in any case for that matter. As noted, such measures include, as to the respondent here, revocation of his pro se status.

The court's rejection of the government's proposal signifies that if the government fails to file a memorandum pursuant to Local Civil Rule 7.2(a) in response to a motion by respondent that it deems frivolous (or otherwise underserving of a response), the court may infer from the absence of a response memorandum that the government does not oppose any relief sought in the motion and/or the grounds for such relief.[4] To avoid unnecessary delay, in the event the government decides not to file a memorandum in response to a motion by respondent, it shall file a notice to that effect as soon as practicable after the decision is made.

---

[4] Respondent is, of course, subject to the same principle. If he fails to file a memorandum in response to a motion by the government, the court may infer that respondent does not oppose any relief sought in the motion and/or the grounds from such relief.

6

## CONCLUSION

For the reasons and on the terms set out above, respondent's pro se motion (D.E. 26) to proceed without representation is ALLOWED.

SO ORDERED, this 1st day of March 2016.

James E. Gates
United States Magistrate Judge