IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-HC-2253-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JON KARL THOMPSON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on respondent's motion to dismiss (DE 41, 42). The government ("petitioner") filed a response, and respondent has filed a reply and a supplement thereto. In this posture, the issues raised are ripe for ruling. For the following reasons, respondent's motion is denied.

## BACKGROUND

On January 21, 2010, respondent was sentenced to a term of imprisonment of 120 months with 25 years supervised release by the United States District Court for the Eastern District of Arkansas for his plea of guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). See United States v. Thompson, No. 4:07CR00199-SWW (E.D.Ark. Jan. 26, 2010). His release date was April 22, 2016. (See Certification (DE 1-1) at ¶ 2). On October 28, 2015, approximately six months prior to his release date, respondent was certified as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act") pursuant to 18 U.S.C. § 4248. (DE 1, 1-1). The filing of the § 4248 certification stayed respondent's release from BOP's custody pending completion of the § 4248 proceedings. See 18 U.S.C. § 4248(a).

On March 2, 2016, the court allowed respondent to proceed *pro se*, with standby counsel appointed. Standby counsel was directed to "prepare sufficiently" to assist respondent in his self-representation, and respondent was "strongly encourage[d]" to confer with standby counsel regarding "any and all filings before making them" in order to prevent frivolous motions. (DE 35 at 4). The court as set the matter for commitment hearing on August 8, 2016.

The instant motion (DE 41, 42) comprises two of several documents filed by respondent in his *pro se* status. (See DE 39, 40, 41, 42, 45, 46, 47, 50, 54). Although respondent has styled the two documents differently, the ultimate relief he seeks in both his Application of a Counterclaim (DE 41) and in his Motion to Dismiss (DE 42) is dismissal of the § 4248 proceedings against him. Therefore, the court construes the Application of a Counterclaim (DE 41) as a motion to dismiss the § 4248 proceeding under Federal Rule of Civil Procedure 12, and construes the Motion to Dismiss (DE 42) as a supplement to the initial filing.

## DISCUSSION

For the reasons set out below, the court determines that respondent has failed to show grounds to dismiss the proceeding. Therefore the court denies the motion.

Respondent first argues that his continued confinement beyond the expiration of his federal criminal sentence on April 22, 2016, violates his constitutional rights to travel and to take up residence in the State of his choice as well as his statutory right under 18 U.S.C. § 3624(d) to be provided transportation back to Arkansas upon the expiration of his criminal sentence. (See Application of a Counterclaim (DE 41) at 3–6). In support of his argument respondent relies on 18 U.S.C. 3624(a) which states:

> (a) Date of release.--A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time

2

credited toward the service of the prisoner's sentence as provided in subsection (b). If the date for a prisoner's release falls on a Saturday, a Sunday, or a legal holiday at the place of confinement, the prisoner may be released by the Bureau on the last preceding weekday.

Id. Subsection (d) of 18 U.S.C. § 3624 provides that upon release of a prisoner, the BOP shall "furnish the prisoner with ... transportation to the place of the prisoner's conviction[.]" 18 U.S.C. § 3624(d)(3).

However, because respondent was certified as a sexually dangerous person pursuant to 18 U.S.C. § 4248, the limitations provision of 18 U.S.C. § 3624 does not apply to him. Section 4248 permits the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons to certify that a person in the custody of the BOP is a sexually dangerous person and transmit the certificate to the clerk of the court for the district in which the person is confined. § 4248(a). The sole statutory precondition to initiating a § 4248 action against respondent is that he be in the custody of BOP, be civilly committed as mentally incompetent to stand trial under 18 U.S.C. § 4241(d), or have had all criminal charges against him dismissed for reasons relating to his mental condition. See 18 U.S.C. § 4248(a); see also United States v. Springer, 715 F.3d 535, 543 n. 1 (4th Cir. 2013); United States v. Comstock, 560 U.S. 126, 129 (2010) (initiation of a case under § 4248 involves a "detainment" of a person serving a federal sentence "beyond the date the prisoner would otherwise be released.").

Filing the certificate "stay[s] the release of the person pending completion of procedures contained in [§ 4248]." 18 U.S.C. § 4248(a). The United States Supreme Court has determined that the statutory scheme set forth in § 4248 is constitutional. See Comstock, 560 U.S. at 129; see also Timms v. Johns, 627 F.3d 525, 529–30 (4th Cir. 2010). Respondent was in BOP custody at the time he was certified as a sexually dangerous person and thus meets the statutory

3

Case 5:15-hc-02253-FL   Document 58   Filed 07/07/16   Page 3 of 7

precondition to initiation of § 4248 proceedings. Further, the Fourth Circuit Court of Appeals determined in United States v. Broncheau, 645 F.3d 676 (4th Cir. 2011), that "a prisoner whose sentence includes a term of supervised release falls within the class of persons in the custody of the BOP and is thus subject to a § 4248 certification." Id. at 684; see also King v. Holder, No. 5:14-CT-3062-FL, 2014 WL 11485580, at * 2 (E.D.N.C. Oct. 7, 2014). Therefore, respondent has failed to show that the stay of his release violates his constitutional or statutory rights, and this argument is denied on the ground that it is frivolous.

Next, respondent argues that the "Least Restrictive Means" doctrine must be applied to him. (See Application of a Counterclaim (DE 41) at 6; see also Motion to Dismiss (DE 42) at 5–6). The Fourth Circuit opinion, S.P. v. City of Takoma Park, 134 F.3d 260 (4th Cir. 1997), upon which respondent relies, was a § 1983 action involving Maryland's mental health statutes, and it is inapplicable to the instant § 4248 action. There, the Fourth Circuit noted—in that context—that the Supreme Court "require[s] an evaluation of less restrictive alternative forms of intervention before confining a mentally ill individual *who does not pose a danger to himself or others*." City of Takoma Park, 134 F.3d at 266, fn 3 (emphasis added); O'Connor v. Donaldson, 422 U.S. 563, 576 (1975) ("[A] State cannot constitutionally confine without more a *nondangerous* individual who is capable of surviving safely in freedom . . . ") (emphasis added). Respondent has been certified as sexually dangerous (DE 1-1), and the principle upon which he relies in City of Takoma Park does not apply to him. Therefore, this argument is denied on the ground it is frivolous.

Next respondent argues that the four-year statute of limitations contained in 28 U.S.C. § 1658 has expired. (See Motion to Dismiss (DE 42) at 2–4). 28 U.S.C. § 1658 provides that

4

"[e]xcept as otherwise provided by law, a civil action arising under and Act of Congress ... may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a). Respondent contends that the statute of limitations for initiating a § 4248 proceeding, thus, ended in January 2014, four years after his conviction and sentence. See id. at 2. However, the limitations period in § 1658 does not apply to respondent's § 4248 proceeding. Civil commitment under § 4248 is contemplated to commence when respondent's release from his criminal sentence is imminent. See Matherly v. Andrews, 817 F.3d. 115, 116–17 (4th Cir. 2016) (certification under § 4248 was timely where filed on the day of inmate's release); United States v. Wetmore, 700 F.3d 570, 575 (1st Cir. 2012) (certification timely where filed on the day of inmate's release); Broncheau, 645 F.3d at 681 (government certified inmates "shortly before" inmates were to be released); United States v. Antone, 742 F.3d 151 (4th Cir. 2014) (government initiated § 4248 proceeding four days before inmate's expected release); United States v. Springer, 715 F.3d 353 (4th Cir. 2013) (government certified inmate six months before scheduled release).

Respondent's concern that relevant evidence may have become stale, (see Motion to Dismiss (DE 42) at 4; see also Resp't's Reply (DE 48) at 5), is ill founded. The statute "does not seek to 'affix culpability for prior' acts. Instead it simply 'uses' prior acts 'solely for evidentiary purposes' to support a finding of a person's mental abnormality or future dangerousness or both." Comstock, 627 F.3d at 523. In a § 4248 proceeding the sole retrospective inquiry is whether an inmate has previously "engaged or attempted to engage in sexually violent conduct or child molestation." See 18 U.S.C. § 4247(a)(5). Respondent's conviction for possession of

5

child pornography satisfies this criterion. Respondent has failed to show how he would rebut this element with the benefit of more time. Thus, this argument is denied as frivolous.

Finally, respondent contends that venue does not lie in North Carolina. (See Motion to Dismiss (DE 42) at 4–5). 18 U.S.C. § 4248(a) governs the question of venue in a § 4248 action, and states that "[i]n relation to a person who is in the custody of the Bureau of Prisons ... the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court *for the district in which the person is confined.*" 18 U.S.C. § 4248(a). At the time of his certification as a sexually dangerous person, respondent was incarcerated at FCI Butner, which is situated within the Eastern District of North Carolina. See 28 U.S.C. § 113; Certification (DE 1-1). Thus, venue is in this district. See United States v. Shaw, No. 5:07-HC-2214-FL (E.D.N.C. Oct. 24, 2008) (venue proper in this district where the respondent was confined at Butner although events occurred and witnesses located in California); United States v. Gloshay, No. 5:08-HC-2051-BR, 2011 WL 3861704, at * 2–3 (E.D.N.C. Aug. 23, 2011) (venue proper in this district where the respondent was confined at Butner, although events occurred and witnesses located in New Mexico).

The Supreme Court case, Jones v. R.R. Donnelley & Sons, Co., 541 U.S. 369 (2004), cited by respondent in support of his argument, (see DE 42-2, 42-3; see also Resp't's Reply (DE 48) at 3), is a racial discrimination suit brought under 42 U.S.C. § 1981, and it does not apply to respondent's case. Accordingly, respondent's argument is denied as frivolous.

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (DE 41, 42) is DENIED as frivolous.

6

SO ORDERED, this 7th day of July, 2016.

                                        LOUISE W. FLANAGAN
                                        United States District Judge